UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

THE GREENWICH GROUP
INTERNATIONAL, LLC,
                    *Plaintiff-Appellant,*

v.

JOHN F. GRIFFIN, General Partner;
GEORGE O. MULLIGAN, General
Partner; BARRY M. FITZPATRICK,
General Partner,
                    *Defendants-Appellees.*

No. 00-1436

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CA-99-189-PJM)

Argued: November 2, 2000

Decided: November 21, 2000

Before WILKINSON, Chief Judge, and WILKINS and
MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

**ARGUED:** Eric Michael Rome, EISEN & ROME, P.C., Washington,
D.C., for Appellant. John M. Wood, REED, SMITH, SHAW &
MCCLAY, L.L.P., Washington, D.C., for Appellees. **ON BRIEF:**

William O. Bittman, REED, SMITH, SHAW & MCCLAY, L.L.P., Washington, D.C., for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

In this diversity contract case, a brokerage firm appeals a district court's order granting summary judgment to three real estate owners who failed to bring a contemplated real estate transaction, brokered by the firm, to fruition. We affirm.

I.

On August 22, 1996, The Greenwich Group International, LLC entered into an Engagement Agreement (Agreement) with Mulligan/Griffin Associates (MGA) whereby Greenwich agreed to seek a buyer or joint venturee to buy or invest in real estate owned by MGA. The Agreement provided that MGA would pay Greenwich a success fee after MGA agreed to and completed a "portfolio contract" concerning the properties. A "portfolio contract" was specifically defined and had to be denominated as such. The Agreement also provided that MGA could reject any proposed transaction for any reason.

Greenwich contacted the Morgan Stanley Real Estate Fund, which expressed interest in forming a joint venture between it and MGA to share in ownership and operation of the properties. On April 16, 1997, MGA and Morgan signed a "term sheet" outlining the basic features of the proposed joint venture. While comprehensive, the term sheet left some terms open for future negotiation. The term sheet stated that it was non-binding.

After executing the term sheet, Morgan and MGA initiated a joint venture and began further negotiations to prepare for the larger real

estate transaction. In August 1997, however, MGA unilaterally pulled its three most desirable properties from the proposed transaction with Morgan. Without these properties, Morgan was no longer willing to complete the transaction. As a result, the transaction failed and MGA never paid Greenwich a success fee. On January 26, 1999, Greenwich brought suit against three general partners of MGA — John Griffin, George Mulligan, and Barry Fitzpatrick — for breach of contract. Greenwich relied upon a theory of "prevention." Greenwich contended that, although no "portfolio contract" had been signed and the express conditions of the Agreement entitling Greenwich to payment were not satisfied, those conditions should be waived because MGA prevented their occurrence when it pulled the most desirable properties from the proposed transaction with Morgan. Greenwich maintained that MGA was not allowed to pull those properties from the transaction under the Agreement and was bound to complete its transaction with Morgan through the partial performance of the terms provided in the non-binding term sheet.

On February 8, 2000, the district court granted summary judgment to the MGA partners, finding the prevention doctrine inapplicable to these facts. The district court reasoned that because Greenwich had bargained for prevention in the Agreement and because the terms of the contemplated transaction between MGA and Morgan were indefinite even after subsequent partial performance, there was no final agreement to prevent and thus the prevention doctrine did not apply. Greenwich now appeals.

## II.

We have reviewed the record, briefs, and applicable law, and considered the oral arguments of the parties, and we are persuaded that the district court reached the correct result. We therefore affirm the district court's holding that the prevention doctrine does not apply to the facts of this case and that the MGA partners were entitled to summary judgment. *See The Greenwich Group International, LLC v. Griffin, et al.*, Civ. No. PJM 99-189 (D. Md. February 8, 2000).

*AFFIRMED*